Filed 6/28/24 P. v. Jimenez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B329518 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. KA106457 |
| CESAR RAFAEL JIMENEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christian R. Gullon, Judge. Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2016, defendant and appellant Cesar Rafael Jimenez pleaded guilty to attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)) and admitted a gun enhancement (§ 12022.5) and a gang enhancement (§ 186.22, subd. (b)(1)(C)). In 2022, Jimenez filed a petition for resentencing pursuant to section 1172.6,[2] which the trial court denied at the prima facie stage. The Attorney General concedes that the record of conviction does not establish that Jimenez is ineligible for relief under section 1172.6 as a matter of law and that the court therefore erred in denying the petition. We accept this concession and reverse and remand with directions to issue an order to show cause and conduct such further proceedings as necessary pursuant to section 1172.6, subdivision (d).

## FACTS AND PROCEDURAL BACKGROUND

On July 21, 2015, a preliminary hearing was held, at which Detective Shawn O'Donnell testified that, on June 5, 2013, he investigated a shooting that occurred in Hacienda Heights. Detective O'Donnell spoke to an individual named Jeren Cordova, who told the detective that he was at his girlfriend's house, lighting fireworks with her and her family. Jimenez, his girlfriend, and Joseph Quintero were across the street and also lighting fireworks. Cordova heard Jimenez and his group yelling profanities towards Cordova. Cordova told his girlfriend that he

---

[1] All undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6. (Stats. 2022, ch. 58, § 10.)

was concerned that something was going to take place and decided to leave. Cordova entered his vehicle and began driving. At some point, he saw Jimenez and his girlfriend pop out of the bushes and begin firing a weapon at his vehicle. His car was hit four to five times. Detective O'Donnell showed Cordova a six-pack of photos and he identified Jimenez. On the six-pack, Cordova wrote: " 'Seen out of corner of eye, possible shooter.' " Cordova was not cooperative with Detective O'Donnell and refused to come to court to testify at the preliminary hearing. Detective O'Donnell also spoke with Cordova's girlfriend, who told Detective O'Donnell that Cordova had told her that Jimenez was the shooter and that his girlfriend was with him.

An amended information dated June 28, 2016, alleged that Jimenez committed the crime of attempted willful, deliberate, and premediated murder on July 5, 2013.[3] A gang enhancement under section 186.22, subdivision (b)(1)(C), was also alleged, as were firearm enhancements under sections 12022.5 and 12022.53, subdivisions (b) and (c). On June 28, 2016, Jimenez pleaded guilty to attempted murder and admitted the gang enhancement and the firearm enhancement under section 12022.5. He was sentenced to 19 years in prison.

On June 15, 2022, Jimenez filed a facially sufficient petition for resentencing under section 1172.6 and requested that counsel be appointed. The district attorney opposed the petition, arguing that Jimenez was the only defendant charged with the relevant crime and admitted the personal use of a handgun,

---

[3] The amended information also alleged that Jimenez committed three other crimes that are not at issue in this appeal.

which demonstrated that he was the actual shooter and thus ineligible for relief as a matter of law.

At the prima facie hearing, the district attorney conceded that he could not rely on Proposition 115 testimony[4], but argued that the court did not need to look at the preliminary hearing transcript at all, but could conclude based on the charging document and the plea that Jimenez was ineligible for resentencing as a matter of law. Jimenez's counsel argued that nothing in the record conclusively established that no other persons were involved in the shooting. The court found that a prima facie case had not been proved and denied Jimenez's petition.

Jimenez timely appealed.

---

[4] "Proposition 115, enacted in 1990, adopted article I, section 30, subdivision (b), of the California Constitution, declaring hearsay evidence admissible at preliminary examinations in criminal cases, as may be provided by law. [Citation.] In addition, the measure amended Penal Code section 872, subdivision (b), to provide that a probable cause determination at a preliminary examination may be based on out-of-court declarants' hearsay statements related by a police officer with certain qualifications and experience." (*People v. Miranda* (2000) 23 Cal.4th 340, 347–348.) Section 1172.6, subdivision (d)(3), provides that " 'hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of [s]ection 872 shall be excluded from the [evidentiary] hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule.' " Courts have concluded that evidence that is inadmissible at the evidentiary hearing is likewise inadmissible at the prima facie stage. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*); *People v. Patton* (2023) 89 Cal.App.5th 649, 652, fn. 2.)

## DISCUSSION

### 1. Applicable Law

In relevant part, section 1172.6, subdivision (a) provides: "A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts."

An offender must file a petition in the sentencing court averring that: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of . . . attempted murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder[;] [¶] [and] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3); see also *id.*, subd. (b)(1)(A).) Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (*Id.*, subd. (b)(1)(C).)

"Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1172.6, subd. (b)(3).) The prosecutor shall file a response within 60 days of the service of the petition, and the petitioner may file a reply within 30 days of the response. (*Id.*, subd. (c).) When briefing has been completed,

"the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid*.) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Ibid*.)

In making this determination, the trial court's inquiry will be informed by the record of conviction, which will facilitate the court in distinguishing "petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court is prohibited from engaging in " 'factfinding involving the weighing of the evidence or the exercise of discretion.' " (*Id*. at p. 972.) Rather, the court must " ' "take[ ] [the] petitioner's factual allegations as true" ' " and make a " ' "preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Id*. at p. 971.) Summary denial of the petition is appropriate where the record of conviction establishes the petitioner is ineligible for resentencing as a matter of law. (See *People v. Estrada* (2022) 77 Cal.App.5th 941, 945; *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

In the plea context, a petitioner convicted of attempted murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; "(2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of . . . attempted murder under the law as amended by [section 1172.6]." (*Flores*, *supra*, 76 Cal.App.5th at p. 987.) " '[A]bsent a record of conviction that conclusively *establishes* that

the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question' " the allegations of the petition seeking relief under section 1172.6. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 230.)

We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

## 2. The court erred in denying Jimenez's petition at the prima facie stage.

Jimenez argues, and the Attorney General concedes, that the record of conviction did not conclusively establish that Jimenez is ineligible for resentencing as a matter of law. We agree.

Nothing in the amended information foreclosed the prosecution from proceeding on a theory of attempted murder under the natural and probable consequences doctrine.[5] Jimenez did not admit to or stipulate to any particular theory of attempted murder in agreeing to the plea. (*Flores*, *supra*, 76 Cal.App.5th at p. 987; *People v. Eynon, supra*, 68 Cal.App.5th at p. 978.) Jimenez's admission that he personally used a firearm under section 12022.5 also did not definitively establish that he was the actual shooter. As the Supreme Court explained in

---

[5] " '[U]nder the natural and probable consequences doctrine, an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the "natural and probable consequence" of the crime the accomplice aided and abetted (i.e., the nontarget offense). [Citation.]' " (*People v. Curiel* (2023) 15 Cal.5th 433, 449.)

*People v. Jones* (2003) 30 Cal.4th 1084, 1119–1120, a finding the defendant "personally used a firearm in the commission" of a felony and murder "would not in itself prove defendant was the actual killer" because if, for example, two coparticipants in a felony "display guns" for intimidation, and one "shoots and kills a victim, both [participants] could be found to have personally used a gun in . . . the felony murder, even though only one is the actual killer." (Accord, *People v. Arzate* (2003) 114 Cal.App.4th 390, 399–400 [personal use of a firearm under § 12022.5, subd. (a), encompasses displaying, brandishing, or actually firing the gun].)

Courts are divided as to whether the preliminary hearing transcript may be considered at the prima facie stage when it is not stipulated to as the factual basis of the plea. (Compare *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 [holding that preliminary hearing transcript is part of record of conviction but trial court erred in considering facts therein when petitioner did not stipulate to it as the factual basis for the plea] with *People v. Pickett* (2023) 93 Cal.App.5th 982, 992–993, review granted Oct. 11, 2023, S281643 [rejecting argument that preliminary hearing transcript may only be considered when stipulated to as the factual basis for a plea].) Jimenez stipulated that there was a factual basis to his plea but did not expressly stipulate that the preliminary hearing transcript formed part of the factual basis. Even if we may consider the preliminary hearing transcript,[6] we agree with the Attorney General that it does not definitively

---

[6] The portion of the transcript in which Detective O'Donnell describes what Cordova told O'Donnell appears to be inadmissible hearsay under section 1172.6, subdivision (d)(3). However, neither party makes this contention on appeal.

establish that Jimenez acted alone or was the actual shooter. Rather, the preliminary hearing transcript indicates that Jimenez was accompanied by his girlfriend at the time shots were fired at Cordova. Without engaging in impermissible factfinding, the court could not conclude that Jimenez was ineligible for relief as a matter of law.

## DISPOSITION

The order denying Jimenez's section 1172.6 petition is reversed. The matter is remanded with directions to issue an order to show cause and to conduct further proceedings in accordance with section 1172.6, subdivision (d).


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


ADAMS, J.

10